**Ervin KENT, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 70 C 432(A).**

United States District Court, E. D. Missouri, E. D.

March 25, 1971.

Charles A. Hapke, Kirkwood, Mo., for petitioner.

Daniel Bartlett, Jr., U. S. Atty., and James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM OPINION

HARPER, District Judge.

This matter is before the court on what is styled "Motion to Vacate Sentence" of a seven-year imprisonment imposed upon petitioner by the court on June 16, 1967, in Cause No. 67Cr 78(1),

pursuant to the provisions of 28 U.S.C.A. § 2255, but by his amended petition what the petitioner is really seeking is an appeal of his original conviction.

The record in United States v. Ervin Kent, No. 67Cr 78(1), discloses that Kent was tried and found guilty on June 6, 1967, to a one-count indictment wherein he was charged with selling heroin. The record further shows that a motion for new trial was filed and overruled, and that at the sentencing it was called to the court's attention by a criminal information filed by the District Attorney's office that Kent had been convicted in Cause No. 59Cr 176 for selling heroin and had received a sentence of five years from the late Judge Moore.

Kent was sentenced by this court to seven years in an institution and an appeal bond was set at $10,000.00. A timely notice of appeal was filed by Kent, which appeal was dismissed on November 14, 1967, by the United States Court of Appeals for the Eighth Circuit for failure to prosecute.

The records in Cause No. 67Cr 78(1) further disclose that James R. Anderson was appointed by the court to represent Ervin Kent, that after Anderson's appointment he associated Harry Roth with him as co-counsel, which was agreed to by Kent, and both attorneys represented Kent in the trial (67Cr 78(1)). The records with respect to the appeal in this case disclose that the clerk of the Court of Appeals notified Kent, who at the time was incarcerated in the Federal Institution at Lexington, Kentucky, of an order entered as a result of a motion filed by the United States of America to dismiss for failure to prosecute, granting to Kent ten days within which to show cause why the appeal should not be docketed and dismissed for failure to prosecute.

The records further show that when the order of dismissal was entered on November 14, 1967, a copy of the order was sent to Kent by the clerk of the Court of Appeals, and at the hearing held by the court Kent acknowledge receipt of both documents. In fact, there was attached to Kent's original motion filed in the case a copy of the District Attorney's motion to docket and dismiss, the letter of October 26, 1967, from Robert C. Tucker, Clerk of the Court of Appeals, to Kent, and others, and copies of the orders of the Court of Appeals made on October 26, 1967, and November 14, 1967, with respect to the dismissal.

Kent was by order of this court returned for a hearing on this motion and an attorney appointed to represent him. At the conclusion of the first hearing the court relieved the attorney of his appointment, appointed a second attorney, who participated in the final hearing.

At the hearings before the court, Kent testified and the government called Attorneys Anderson and Roth and Kent's wife. Kent testified that at the time he was sentenced he felt that Judge Harper was lenient with him considering the fact that this was his second conviction for sale of narcotics, and that he was happy with the sentence. He further testifed that he talked to Attorney Roth after he was sentenced and that he told Roth he wanted to appeal. He further stated that he would never have put in an appeal if Attorney Roth "didn't keep bringing it up." He denied ever having told Roth that he did not want to pursue the appeal, that he only wanted an appeal bond set so that he might get out on bond and collect some money which was due him, and that he did not give his wife any message to be delivered to any attorney with respect to the fact that he did not want his appeal pursued.

Roth testified that after the sentencing Kent stated to him that he was lucky with respect to the sentence he received, but that he wanted an appeal filed and an appeal bond set in the hopes he could get out on bond. He had hopes that a bond would be procured by a man by the name of McWilliams, who was in jail at the time and who was convicted on a similar charge, but Roth stated that Kent told him that he did not want Roth to pursue the appeal, he wanted to get out

on bond in the hopes of collecting some money that he had coming to him, and that he didn't want to take another chance at another trial because he was satisfied with what he got, and he thought it was light in comparison with what some others had received on second narcotic offenses before Judge Harper.

Roth testified that he received no money from Kent, but thereafter records were produced from the jail indicating that he had received $40.00, as Kent had testified to. Kent stated that Roth said the $40.00 was to expedite the procuring of a transcript. Roth, after the receipt was produced, said he had no recollection of the $40.00, but that he was confident it was for delivery to him to probably Kent's wife. He emphatically denied ever saying any money was needed or received for expediting the getting of transcripts, as such was never true.

Kent's wife testified that she did not telephone Attorney Anderson nor did she talk to Anderson. Anderson testified that his criminal practice had been somewhat limited and after he was appointed he obtained the services of Roth to help represent Kent, Roth being an experienced criminal lawyer, who at the time had tried several narcotic cases. Kent agreed to Roth's participation in the trial, and in fact was happy with it. Anderson did not see Kent after he was sentenced, the contacts thereafter with Kent being made by Roth.

Exhibit B is a Phone-O-Gram memo from Anderson's file about which Anderson testified, and which discloses that Mrs. Kent telephoned his office at 4:30 p. m. on June 22nd. Anderson was out of the office at the time and Mrs. Kent left word for him to return the call at JE 3–7813, a number which Mrs. Kent testified was her telephone number, and Anderson testified that when he returned to the office on June 22nd he called JE 3–7813 and talked to Mrs. Kent, and

the Phone-O-Gram shows that he noted that she stated "Kent wants the notice of appeal filed but doesn't want to pursue it, wants out on bond." Exhibit B further discloses, and Anderson testified, that he then called Roth, and was advised by Roth that he had seen Kent in jail that day, that he was filing a notice of appeal for Kent, as Kent requested, but that Kent did not want the appeal pursued. Kent stated Roth saw him at the jail on June 22nd and Roth stated he saw him at the jail on that date.

The testimony further discloses that Kent did not at any time after he was in the institution get in touch with either of his attorneys. He has filed nothing with the court with respect to this matter until the present 2255 motion before the court was filed on August 26, 1970, more than three years after he was first incarcerated, and almost three years after he was notified by the clerk of the Court of Appeals of the dismissal of his appeal. He did not write to the Court of Appeals about the notice he received.

The credible evidence in this case discloses that the attorneys for Kent did not pursue the appeal because of Kent's instructions not to pursue it. It is unfortunate that they did not secure such directions in writing, but be that as it may, based upon the testimony and Exhibit B, and the long delay which has occurred between the time the appeal was dismissed and the filing of the motion before the court, the court believes that this is a delayed, belated effort on the part of Kent to either secure an appeal he had told his lawyer not to pursue, or a reduction of sentence. The court finds that in considering the weight of the evidence and the credibility of the witnesses in this case, Kent never wanted his appeal pursued.

Accordingly, it is therefore ordered that the petitioner's motion be overruled, and the clerk will enter the proper order to that effect.